**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN BROWN,

                Plaintiff,

-vs-                                                        Case No. 3:13-cv-36-J-34PDB

MICHAEL CREWS, Secretary of the
Florida Department of Corrections, in his
official capacity, et al.,

                Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Claims for Compensatory and Punitive Damages, and Motion to Dismiss Defendant Crews from this Action (Doc. No. 76; Motion) filed on April 18, 2014. Plaintiff filed his response in opposition to the Motion on May 5, 2014. See Response to Defendants' Motion to Dismiss Claims for Damages and Against Crews (Doc. No. 77; Response). Accordingly, the Motion is ripe for review.

**I.    Background Facts**[1]

Plaintiff John Brown (Brown) alleges that, while he was an inmate at the Reception and Medical Center (RMC), he was exposed to friable asbestos. See Amended Complaint (Doc. No. 72; Complaint) ¶¶3, 13. Like most inmates at RMC, Brown contends that he

---

[1] In considering the Motion to Dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

suffers from chronic illness and disabilities. See id. ¶12. Brown alleges that, despite his condition, he was forced to remove floor tile and mastic containing asbestos from the F dormitory where he was housed. See id. ¶¶16-17, 21-26. This work was completed in two phases: Brown and his fellow inmates first removed the flooring from the left side of the dormitory between June 24, 2009 and June 28, 2009, and then removed the flooring from the right side, from October 22, 2009 until October 26, 2009. Id. ¶¶21-22, 25, 40. Brown further alleges that exposure to asbestos in high concentrations or over extended periods of time can result in asbestosis and mesothelioma, both respiratory ailments. See id. ¶¶13-14, 28. Although the risks of exposure to asbestos are known, Brown alleges that Defendants failed to disclose the danger, provide any training, gloves or masks, or ensure that the area had adequate ventilation. See id. ¶¶23, 28, 32, 35.

While completing the removal of the tile from the right side of the dormitory on October 25, 2009, Brown alleges that Sergeant Christopher Hancock (Hancock) saw the inmates working and informed Officer Hartley (Hartley)[2] to stop the project due to the potential asbestos hazard. See id. ¶37. Brown alleges that Colonel Archie W. Clemons (Clemons) instructed the inmates to keep working. Id. ¶¶38-39. The following day, Brown and the other inmates completed the work, but when Hancock discovered this, the inmates were evacuated. Id. ¶40. Subsequent environmental testing revealed the presence of asbestos in the floor tile and mastic. See id. ¶43. Thereafter, Brown alleges that RMC staff who had worked in the F dormitory were tested and treated off-site for the exposure, but he

---

[2] The Complaint does not disclose Officer Hartley's first name.

and the other inmates had to wait until three months after they filed grievances to receive treatment. See id. ¶¶46-47. Even then, Brown avers that the treatment consisted only of a chest x-ray and an instruction to seek medical attention if the inmates suffer from any respiratory problems or chest pains. Id. ¶¶54-55.

In light of the alleged conduct, Brown filed the instant action, asserting a claim against Brian Riedl (Riedl), Ellen Link (Link), Hancock, Clemons, and Hartley (collectively Defendants) for violating 42 U.S.C. § 1983 by subjecting him to cruel and unusual punishment (Count One). See id. at 8-9. Brown alleges that it was common practice, within both the RMC and the entire Florida Department of Corrections (FDOC), "to use inmates to remove tile, mastic, and other asbestos-containing materials from Department of Corrections structures and to perform construction labor without personal protective equipment, without proper tools, and with inappropriate chemicals." Id. ¶64. He therefore also asserts a claim of supervisory liability against Riedl, as warden of the RMC, and Michael Crews, as the Secretary of the FDOC, pursuant to 42 U.S.C. § 1983 (Count Two). See id. at 9-12. With respect to Count One, Brown seeks declaratory and injunctive relief, as well as compensatory and punitive damages and fees and costs. Id. at 9. As to Count Two, Brown seeks the same declaratory and injunctive relief and fees and costs against both Riedl and Crews, but seeks compensatory and punitive damages against Reidl alone. See id. at 11-12.

In the Motion, Defendants seek dismissal of Brown's claims for compensatory and punitive damages in both counts, as well as dismissal of Brown's claim against Crews in Count Two in its entirety. See generally Motion. Specifically, Defendants argue that

Brown's claim for compensatory and punitive damages should be dismissed because he does not allege sufficient physical injury as required by the Prisoner Litigation Relief Act (PLRA), 42 U.S.C. § 1997e(e). See id. at 4-8. Additionally, they argue that the claims against Crews in Count Two should be dismissed because Brown has not alleged that Crews caused the constitutional violations to occur and § 1983 does not allow for vicarious liability. See id. at 8-11. In response, Brown argues that he alleges that he suffered a physical injury and he need not allege such injury with further specificity. See Response at 2-5. Brown also contends that he alleges that there was a widespread custom of using sick inmates for physical labor, including the handling of hazardous materials without protective equipment, sufficient to put Crews on notice of the practice. See id. at 5-8. Based on these allegations, Brown argues that he has sufficiently pled causes of action for compensatory and punitive damages against all Defendants and supervisory liability against Crews.

## II.     Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint

should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).[3]

---

[3]     Prior to Iqbal, Eleventh Circuit precedent instructed that a heightened pleading standard applied in § 1983 actions where "the defendants are individuals who may seek qualified immunity." See Amnesty Int'l, USA v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009). However, in Randall v. Scott, 610 F.3d 701 (11th Cir. 2010), the Eleventh Circuit determined that "[a]fter Iqbal it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." See Randall, 610 F.3d at 707-10. In light of this Eleventh Circuit precedent and because Crews does not assert that the heightened pleading standard applies, the Court will apply the standard

### III. Discussion

"[S]ection 1983 provides individuals with a federal remedy for the deprivation of rights, privileges, or immunities protected by the Constitution or the laws of the United States that are committed under color of state law." Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 n.12 (11th Cir. 2010) (citation omitted); see 42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must sufficiently allege that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-77 (11th Cir. 2003) (quotation omitted). Here, Brown alleges that Defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment in the form of exposure to asbestos.

A prisoner's medical treatment and conditions of confinement are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). Indeed, the Eighth Amendment's prohibition against cruel and unusual punishment requires that prisoners be provided "humane conditions of confinement," including adequate food, shelter, clothing, and medical care. Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). It further imposes a duty upon prison officials to "take reasonable measures to guarantee the safety of inmates." Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Thus, an inmate may

---

of review set forth in Twombly and Iqbal. Id. at 710; see also Nettles v. City of Leesburg Police Dep't, 415 F. App'x 116, 120-21 (11th Cir. 2010); but see Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1233 (11th Cir. 2010) (applying the heightened pleading standard post-Iqbal); Keating v. City of Miami, 598 F.3d 753, 762-63 (11th Cir. 2010) (same).

maintain a cause of action under the Eighth Amendment based on either a condition of confinement or a failure to provide medical care. Evans v. St. Lucie Cnty. Jail, 448 F. App'x 971, 973 (11th Cir. 2011) (internal citations omitted).  Each of these claims requires "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting Farmer, 511 U.S. at 834).  In addition to these two requirements, a plaintiff must also allege causation. See Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) ("[A]s with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct.").

Here, in complaining about his exposure to asbestos, Brown could be challenging both his conditions of confinement and the failure to provide him medical care in the months following that exposure.  Nonetheless, in the Motion, Defendants do not challenge the sufficiency of Brown's allegations as to his conditions of confinement or the failure to address a serious medical need.[4]  Nor do they argue that Brown has failed to plead facts to show that Defendants' state of mind amounted to deliberate indifference.[5]  Instead, with

---

[4] To establish an Eighth Amendment violation based on conditions of confinement, a prisoner must show that the challenged condition is "extreme," generally involving "the wanton and unnecessary infliction of pain," or that the condition poses "an unreasonable risk of serious damage to his future health' or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal citations omitted). "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citation omitted).

[5] In both conditions of confinement and failure to provide medical treatment cases, the "deliberate indifference" standard applies. Helling, 509 U.S. at 32. The Eleventh Circuit has explained that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm;

regard to both Counts One and Two, Defendants contend that Brown cannot seek either compensatory or punitive damages because of his failure to allege that he suffered a physical injury. With regard to Count Two, Defendants contend that Brown has failed to plead facts to support finding liability as to Defendant Crews. The Court addresses Defendants' argument regarding Brown's claims for compensatory and punitive damages first because it relates to both counts of the Complaint.

**A.     PLRA**

The PLRA imposes certain restrictions on prisoners seeking judicial relief "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). One such restriction, found in 42 U.S.C. § 1997e(e), provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier, 314 F.3d at 532. While the statute does not define "physical injury," the Eleventh Circuit has clarified that, "in order to satisfy section 1997e(e), the physical injury must be more than de minimis, but need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), reh'g en banc

---

(2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow, 320 F.3d at 1245 (quoting McElligot v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000).  A prisoner must allege more than a trivial or de minimis injury because permitting otherwise "would almost render the congressional exclusion an empty set" and "would make no sense in light of our basic understanding that 'routine discomfort is part of the penalty that criminal offenders pay for their offenses against society.'" Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).  In Luong v. Hatt, 979 F. Supp. 481 (N.D. Tex. 1997), the court identified a standard for determining whether an alleged injury qualifies as a "physical injury" under § 1997e(e):

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.  People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care.

Id. at 486; see also Daughtry v. Moore, No. 08-00215-KD-C, 2009 WL 1151858, at *5 (S.D. Ala. Apr. 27, 2009) (applying Luong to determine that bumps on the plaintiff's neck and shoulders did not constitute "physical injury").

Brown does not dispute the applicability of § 1997e(e) to his claims, but rather contends that he has alleged sufficient injury.  In the Complaint, Brown alleges that he was exposed to asbestos and that asbestos is known to be dangerous because it can cause respiratory problems.  Nowhere in the Complaint does Brown contend that he has suffered such respiratory problems as a result of his exposure.  Instead, in Count One, Brown simply alleges that he "suffered physical injury as a result of the aforementioned deliberate

9

indifference." Complaint ¶61. This allegation is vague and conclusory.[6] In Brown's Response, he contends that Defendants are attempting to hold him to a higher pleading standard than that required by Rule 8. Response at 2-5. However, even the minimal pleading requirements of Rule 8 demand more than conclusory allegations.

Nevertheless, Brown argues that "[t]he full extent of this physical injury, and its causation, are the proper subject of discovery in this action." Response at 5. The problem with this argument is that it places the discovery cart before the pleading horse. The Supreme Court in Twombly expressly stated that a mere "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (emphasis added). Brown must plead sufficient facts in his Complaint to survive a motion to dismiss in order to proceed with discovery. He has not done so.

In the Complaint, Brown alleges that he was given a chest x-ray, but does not suggest that the x-ray indicated he was suffering from any respiratory ailment or injury. He alleges that he was told to report any ensuing difficulties, but does not allege that he suffered any. While Brown does not specifically seek emotional or mental damages, he alleges no other injuries for which he could be seeking damages. Based on a review of the allegations, it appears that Brown's injury is limited to the unknown future effects of his exposure to asbestos. Such an injury is insufficient to support a claim for compensatory or punitive damages under the PLRA. "[T]he term 'physical injury' in § 1997e(e) is not broad

---

[6] In Count Two, Brown makes a similar conclusory allegation that "[t]he exposure of the Plaintiff to a substantial risk of serious harm including caustic chemical fumes and asbestos exposure caused the Plaintiff to suffer physical injury." Complaint ¶73.

enough to encompass mere inhalation or ingestion of asbestos particles without proof of resulting disease or other adverse physical effects." Zehner v. Trigg, 952 F. Supp. 1318, 1323 (S.D. Ind. 1997); see also Herman, 238 F.3d at 665-66 (concluding plaintiff was not entitled to money damages based on exposure to asbestos and mental and emotional stress from knowledge of increased risk of possible future asbestos-related illnesses).  Although Brown is correct that he need not prove his injuries at this stage of the proceedings, he must allege facts showing that he suffered an injury.  Section 1997e(e) requires that, in order to pursue an action for damages resulting from alleged asbestos exposure, Brown must allege that he suffered a sufficient "physical injury."  He has failed to do so in the Complaint. Therefore, § 1997e(e) precludes the recovery of compensatory and punitive damages, and Brown's claims for such damages in Counts One and Two are due to be dismissed.

### B.     Supervisory Liability

The Court turns next to Defendants' argument that Brown's claims against Crews in Count Two must be dismissed because Brown has failed to plead facts supporting a claim against him.  "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotations and citations omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional violation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); see also Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).

Upon review of the Complaint, the Court first notes that Brown does not assert that Crews personally participated in the alleged unconstitutional conduct of Riedl, Link, Clemons, and Hancock. Therefore, in order to state a claim for relief against Crews, Brown must allege a causal connection between Crews's actions and the constitutional violations allegedly committed by Riedl, Link, Clemons, and Hancock. See Cottone, 326 F.3d at 1360. To establish the requisite causal connection, a plaintiff must allege "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Keating, 598 F.3d at 762 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003)). This requisite causal connection may be established "'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,' . . . or when the supervisor's improper 'custom or policy . . . resulted in deliberate indifference to constitutional rights.'" Gonzalez, 325 F.3d at 1234 (quoting Braddy v. Fla. Dep't of Labor and Emp't Sec., 133 F.3d 797, 802 (11th Cir. 1998); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). The necessary causal connection may also be demonstrated through "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Gonzalez, 325 F.3d at 1235.

In the Motion, Crews argues that Brown has alleged only two isolated instances in which he and "several other inmates" at RMC were exposed to asbestos which, even if true, would be insufficient to establish the type of widespread custom necessary to impose supervisory liability under § 1983. See Motion at 9-11. In response, Brown argues that his allegations "amply delineate the nature of the alleged customs" and he is without knowledge of the customs at other facilities outside of RMC in light of his limited opportunity to obtain information as a prisoner. See Response at 7. Upon review, Brown's allegations fail to satisfy the minimal pleading requirements necessary to survive a motion to dismiss. The Complaint is devoid of any factual allegations to support Brown's conclusory allegation that both RMC and the entire FDOC have a custom of requiring inmates to handle hazardous materials without providing safety equipment. He alleges only two incidents in which he and several others handled hazardous material, occurring at only one facility within the FDOC. Brown alleges no facts to support the conclusion that Crews directed these projects or that he even knew about them. Indeed, based on Brown's allegations, the work of Brown and his fellow inmates was not known even to Defendant Hancock, who actually worked at the RMC, until Hancock saw them working on October 25, 2009. See Complaint ¶¶ 7; 37.

Perhaps recognizing the pleading deficiencies of his Complaint, Brown suggests that he need not prove the custom at this stage of the proceeding, prior to discovery. See Response at 7. However, as discussed above, Brown must allege facts supporting a claim of the existence of such a custom, not legal conclusions, to survive a motion to dismiss. He is not entitled to discovery to find such facts. The purpose of discovery is to seek evidence in support of a properly plead claim. Because Brown has not met his burden to allege

13

sufficient facts to state a cause of action against Crews, the Motion is due to be granted to the extent that Brown's claim against Defendant Crews in Count Two is due to be dismissed.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Claims for Compensatory and Punitive Damages, and Motion to Dismiss Defendant Crews from this Action (Doc. No. 76) is **GRANTED**.

2. To the extent that Plaintiff seeks compensatory and punitive damages in Counts One and Two, those claims are **DISMISSED.**

3. Count Two against Defendant Michael Crews is **DISMISSED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of February, 2015.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record