United States District Court
Middle District of Florida
Jacksonville Division

**JOHN BROWN,**

    *Plaintiff,*

v.   NO. 3:13-CV-36-J-34PDB

**BRYAN RIEDL, WARDEN OF RECEPTION
AND MEDICAL CENTER, ET AL.,**

    *Defendants.*

## Report and Recommendation

Following summary judgment, Doc. 151, the clerk entered final judgment against John Brown, Doc. 152. Now before the Court is Michael Crews, Brian Riedl, Ellen Link, Christopher Hancock, Archie Clemons, and Anita Hartley's motion (as supplemented) to allow costs of $2629.25 against Brown under Federal Rule of Civil Procedure 54(d)(1).[1] Docs. 153, 161. The costs are for transcripts of depositions and related items ($2625.50) and copies of filings the defendants had to mail to Brown after his counsel had withdrawn ($3.75). The defendants provide invoices for the transcripts, Doc. 153-3, information about the copies, Doc. 153-2, and a completed "Bill of Costs" form in which counsel signs below the statement, "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually

---

[1]The Court directed the defendants to either supplement their motion to explain the reasonable necessity of certain costs or notify the Court they were withdrawing their request for those costs. Doc. 160. In their supplement, they maintained requests for some costs and withdrew others. Doc. 161.

and necessarily performed," Doc. 153-1. Brown has filed no response to the motion or the supplement, and the time for doing so has passed.

I.   **Law & Analysis**

*A.*   ***Costs***

Federal Rule of Civil Procedure 54(d)(1) codifies the "venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Rev. Corp.*, 133 S. Ct. 1166, 1172 (2013). It provides that costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise.[2] Fed. R. Civ. P. 54(d)(1). While the use of "should" makes clear that "whether to award costs ultimately lies within the sound discretion of the district court," *Marx*, 133 S. Ct. at 1172, if a court exercises its discretion to deny full costs, it "must have and state a sound basis," *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

Section 1920 of Title 28 of the United States Code limits a district court's discretion under Rule 54(d)(1) by listing costs a court may allow. *Maris Distr. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). They are:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[2]Before 2007, Rule 54(d)(1) provided "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." In 2007, "shall" was replaced with "should." The 2007 amendments were "intended to be stylistic only." Fed. R. Civ. P. 54, comment (2007 amend.).

2

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Section 1920 reflects congressional policy to place "rigid controls on cost-shifting in federal courts." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). "[A]s is evident from § 1920," costs are "limited to relatively minor, incidental expenses," and "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (internal quotation marks omitted).

"Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *disapproved of on another ground by Crawford,* 482 U.S. at 443. Once the prevailing party has shown the requested costs are allowable under § 1920, the losing party must rebut the presumption favoring their award. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The losing party may do so by presenting some rationale under which the court should not allow costs. *168th & Dodge, LP v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir. 2007). A court may decline to allow costs in § 1920 but may not allow costs not in § 1920. *Crawford,* 483 U.S. at 442.

Here, most requested costs ($2625.50) are for deposition transcripts and related items:

| | |
|---|---:|
| **Witness John DeLoach's Deposition** | |
| Court reporter transcript fee ($4.80/pg.) | 158.40 |
| Delivery, shipping, and handling | 20.00 |
| **Witness Ajay Thakkar's Deposition** | |
| Court reporter transcript fee ($4.80/pg.) | 225.60 |
| Court reporter transcript exhibit photocopy fee ($.50/pg. black & white copies) | 40.00 |
| Court reporter transcript exhibit photocopy fee ($1.00/pg. color copies) | 37.00 |

| | |
|---|---:|
| **Defendant Archie Clemons's Deposition** | |
| Court reporter transcript fee ($2.95/pg.) | 165.20 |
| Delivery, shipping, and handling | 20.00 |
| **Plaintiff John Brown's Deposition** | |
| Court reporter transcript fee ($4.50/pg.) | 553.50 |
| Court reporter "appearance" fee ($100 for first hour, $65 for additional hours) | 165.00 |
| Shipping | 25.00 |
| **Plaintiff's Expert Ron McAndrew's Deposition** | |
| Court reporter "audio transcript-writing time" ($50/hr.) | 250.00 |
| Court reporter transcript fee ($5.50/pg.) | 819.50 |
| **Defendant Anita Hartley's Deposition** | |
| Court reporter transcript fee ($2.90/pg.) | 136.30 |
| Delivery, shipping, and handling | 10.00 |

Doc. 153-3.

For a transcript or photocopy, whether the cost is allowable depends on whether it was reasonably necessary for the movant to obtain the transcript or copy (allowable) or the movant obtained the transcript or copy merely for convenience, to aid in thorough preparation, or for investigative purposes (not allowable). *EEOC v. W&O, Inc.*, 213 F.3d 600, 620, 623 (11th Cir. 2000). That a deposition transcript was not used at summary judgment does not preclude a determination it was reasonably necessary in the absence of a showing it was unrelated to an issue in the case when it was taken. *Id.* at 622.

I recommend allowing costs for the deposition transcripts themselves.[3] Defense counsel declared under penalty of perjury the costs had been necessarily incurred. Doc. 153-1. The defendants used the transcripts of Brown's, Clemons's, Hartley's, and DeLoach's depositions to support their summary-judgment motion. *See* Doc. 114

---

[3]On the invoices relating to Brown's and McAndrew's depositions, the descriptions next to the transcript fees indicate that the defendants received the original and a copy. Doc. 153-3 at 3, 4. The other invoices indicate the defendants bought either the original or a copy. Doc. 153-3 at 1–2, 5. The per-page rates for Brown's and McAndrew's depositions—in line with the charges for the originals of the other transcripts alone—indicate the fees were for the originals only, with the copies included as a courtesy.

4

(summary-judgment motion), Doc. 114-1 (transcript of Brown's deposition), Doc. 114-2 (transcript of Clemons's deposition), Doc. 114-3 (transcript of Hartley's deposition), Doc. 114-6 (transcript of DeLoach's deposition). Brown's former counsel deposed Thakkar (a representative of a company hired by the Florida Department of Corrections to test for asbestos), and the defendants obtained the transcript because, with the presence of asbestos at the heart of Brown's claims, they believed Brown would use it for summary judgment or call him at trial. Doc. 161 at 2. Brown disclosed McAndrew as an expert witness, and the defendants obtained the transcript of his deposition because they intended to challenge his qualifications. Doc. 161 at 2. Those circumstances indicate it was reasonably necessary for the defendants to obtain the transcripts. Despite an opportunity to do so, Brown has not come forward with any suggestion the depositions were unrelated to issues in the action when taken or any other reason why the transcript costs should not be allowed.

I recommend allowing costs for the photocopies of exhibits to the transcript of Thakkar's deposition (totaling $77). Photocopies of exhibits about which a deponent testifies aid in understanding the testimony and thus may be allowed as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. § 1920(4) (quoted). *Kidd v. Mando Am. Corp.*, 870 F. Supp. 2d 1297, 1298–99 (M.D. Ala. 2012) (cited with approval in *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-J-34JRK, 2015 WL 5724369, at *7 n.8 (M.D. Fla. Sept. 28, 2015) (Howard, J.) (unpublished)). Although the cost per page seems high ($.50 per page for black and white copies; $1.00 per page for color copies), Brown has not come forward with any argument that they are unreasonably high.

I recommend not allowing the shipping costs for the deposition transcripts (totaling $75). Shipping costs for deposition transcripts are not allowed under § 1920. *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012); *accord Lankhorst*, 2015 WL 5724369, at *7 (citing cases).

5

I recommend not allowing the court-reporter attendance fees (totaling $415; charged only in the invoices relating to Brown's and McAndrew's depositions; described as "appearance" fees in the invoice relating to Brown's deposition and "writing time" fees in the invoice relating to McAndrew's deposition). Section 1920 allows "fees for printed or electronically recorded transcripts." 28 U.S.C. § 1920(2); *see* Pub. L. 110-406, § 6; 122 Stat. 4291 (2008). It says nothing about fees relating to transcripts but not the transcripts themselves, such as fees for the attendance of a court reporter or fees for the delivery of the transcript. If it had desired, Congress could have included those among the allowable costs in the exacting list in § 1920. With adherence to the plain and unambiguous statutory language, *see* 28 U.S.C. § 1920(2), Congress's purpose of placing rigid controls on cost-shifting through § 1920, *see Crawford*, 482 U.S. at 444, and the Supreme Court jurisprudence interpreting § 1920 as modest in scope, *see Taniguchi*, 132 S. Ct. at 2002−05 (compensation of "interpreters" allowed oral but not document translation since ordinary meaning of "interpreter" is person who orally translates), attendance fees for depositions, like delivery costs for deposition transcripts, *see Watson*, 492 F. App'x at 997, are not allowable.[4]

---

[4]Courts differ on whether a court reporter's attendance fee is taxable under § 1920, and there is no binding precedent on the matter. *Compare, e.g., PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2016 WL 1392075, at *3 (D. Ariz. Apr. 8, 2016) (unpublished) (not taxable), *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (not taxable), and *Miles v. Jones*, No. 08-20612, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011) (unpublished) (not taxable), *with Procaps v. Patheon, Inc.*, No. 12-24356-CIV-GOODMAN, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) (unpublished) (taxable); *Burns v. City of Cape Coral*, No. 2:10-cv-573-FtM-29DNF, 2012 WL 5381944, at *2 (M.D. Fla. Nov. 1, 2012) (unpublished) (taxable), *Gleason v. Roche Labs., Inc.*, No. 3:08-cv-1172-J-20JRK, 2011 WL 6076526, at *1 (M.D. Fla. Dec. 6, 2011) (unpublished) (taxable). Courts in the taxable camp cite cases based on the pre-amendment version of § 1920(2) ("Fees of the court reporter for … the stenographic transcript," *see* Pub. L. 110-406, § 6; 122 Stat. 4291 (2008)) or cases based on other cases that had relied on that version, or reason attendance fees are components of the transcripts themselves. The plain and unambiguous language of § 1920(2), the purpose of § 1920, and the Supreme Court's jurisprudence interpreting § 1920 compel a "not allowable" recommendation.

The remaining requested costs are for service copies of a notice of appearance and two responses to Brown's motions, *see* Doc. 153 at 2; Doc. 153-2, mailed to him after his counsel had withdrawn. I recommend allowing those costs (totaling $3.75). The defendants had to serve copies of those documents on him under Federal Rule of Civil Procedure 5(a)(1), and, to do so, in light of his incarceration and lack of CM/ECF access, had to mail them to him. *See* Doc. 153 at 2; Doc. 153-2; *see also Smith v. Sec'y, Fla. Dep't of Corr.*, 598 F. App'x 738, 739 (11th Cir. 2015) (no abuse of discretion in taxing costs of mailing "notices of appearance, a motion, and a notice of compliance with a court order" against an incarcerated pro se litigant).

Thus, I recommend granting the motion to the following extent:

| | | |
|---|---:|---|
| **Witness John DeLoach's Deposition** | | |
| Court reporter transcript fee ($4.80/pg.) | 158.40 | **Allowed** |
| Delivery, shipping, and handling | 20.00 | **Not Allowed** |
| **Witness Ajay Thakkar's Deposition** | | |
| Court reporter transcript fee ($4.80/pg.) | 225.60 | **Allowed** |
| Court reporter transcript exhibit photocopy fee ($.50/pg. black & white copies) | 40.00 | **Allowed** |
| Court reporter transcript exhibit photocopy fee ($1.00/pg. color copies) | 37.00 | **Allowed** |
| **Defendant Archie Clemons's Deposition** | | |
| Court reporter transcript fee ($2.95/pg.) | 165.20 | **Allowed** |
| Delivery, shipping, and handling | 20.00 | **Not Allowed** |
| **Plaintiff John Brown's Deposition** | | |
| Court reporter transcript fee ($4.50/pg.) | 553.50 | **Allowed** |
| Court reporter "appearance" fee ($100 for first hour, $65 for additional hours) | 165.00 | **Not Allowed** |
| Shipping | 25.00 | **Not Allowed** |
| **Plaintiff's Expert Ron McAndrew's Deposition** | | |
| Court reporter "audio transcript-writing time" ($50/hr.) | 250.00 | **Not Allowed** |
| Court reporter transcript fee ($5.50/pg.) | 819.50 | **Allowed** |
| **Defendant Anita Hartley's Deposition** | | |
| Court reporter transcript fee ($2.90/pg.) | 136.30 | **Allowed** |
| Delivery, shipping, and handling | 10.00 | **Not Allowed** |
| **Copy Costs** | | |
| Defendants' filings mailed to Brown | 3.75 | **Allowed** |

B.    *Financial Condition of Non-Prevailing Party*

"[G]ood faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party," *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005), and a court abuses its discretion if it considers the relative wealth of the opposing parties, *Chapman*, 229 F.3d at 1039. Nevertheless, a court may, but need not, consider a non-prevailing party's finances. *Id.* In the "rare circumstances" in which a court does so, the court may not decline to tax any costs at all.[5] *Id.* Furthermore, if a court considers a non-prevailing party's finances, it must "require substantial documentation of a true inability to pay" (i.e., "clear proof of the non-prevailing party's dire financial circumstances"). *Id.* A court may allow costs against a litigant proceeding in forma pauperis. *Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 838−39 (11th Cir. 2011).

The Court allowed Brown to proceed in forma pauperis, Doc. 137, based on a July 2015 affidavit of indigency and a June 2015 prison account statement showing no real assets, Docs. 135, 135-1. Brown did not respond to the defendants' motion to tax costs or their supplement and has not updated his financial information to satisfy his burden of providing "clear proof of … dire financial circumstances" justifying reducing costs against him. *See Chapman*, 229 F.3d at 1039 (quoted). I recommend declining to sua sponte reduce costs against him based on financial circumstances.

---

[5]Although a court's consideration of a non-prevailing party's finances is rare, *see Chapman*, 229 F.3d at 1039, it is not unprecedented, *see, e.g., Jessup v. Miami-Dade Cty.*, No. 08-21571-Civ, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) (unpublished) (plaintiff who lived month-to-month and had no prospect of future employment due to mental illness was entitled to reduction of 45% for total of $20,252.89); *Brown v. Dep't of Agric.*, No. 6:06-cv-1329-Orl-18UAM, 2008 WL 203382, at *2 (M.D. Fla. Jan. 23, 2008) (unpublished) (disabled plaintiff whose "sole source of income was Social Security" was entitled to reduction of 50% for total of $428.05).

## II.     Recommendation[6]

I recommend **granting in part and denying in part** the defendants' motion, Doc. 153, **awarding** the defendants **$2139.25** in costs against Brown, and **directing** the Clerk of Court to enter judgment in favor of the defendants and against Brown for **$2139.25**.[7]

**Entered** in Jacksonville, Florida, on January 18, 2017.

PATRICIA D. BARKSDALE
United States Magistrate Judge

c:    Counsel of record

John Brown, C-077408
Reception and Medical Center – Main Unit
P.O. Box 628
Lake Butler, Florida 32054-0628

---

[6]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[7]In some orders on costs, the Court has directed the Clerk of Court to adjust the bills of costs to reflect reductions. See, e.g., Davis v. City of Lake City, Fla., 3:10-cv-1170-J-34JBT, Doc. 76 (M.D. Fla. May 21, 2013) (Howard, J.) (unpublished). Here, that is unnecessary because the defendants ask the Court to award costs rather than the clerk to tax costs. See Doc. 153 at 3. Because the requested relief would be in a separate judgment, there appears to be no reason for the clerk to also tax costs under an adjusted bill of costs.