**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN BROWN,

    Plaintiff,

Case No. 3:13-cv-36-J-34PDB

vs.

BRYAN RIEDL, Warden of Reception
and Medical Center, in his individual
and official capacities, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 164; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on January 18, 2017. In the Report, Judge Barksdale recommends that the Court grant in part, and deny in part, Defendants' Motion to Tax Costs (Doc. No. 153; Motion), which Defendants filed on April 5, 2016.[1] See Report at 9. Specifically, Judge Barksdale recommends that the Court grant the Motion only to the extent that it award Defendants $2,139.25 in taxable costs. See id. Plaintiff John Brown (Brown) filed his Objection to Report and Recommendation (Doc. No. 165; Objections) on February 7, 2017.[2]

---

[1] On November 18, 2016, Judge Barksdale entered an order (Doc. No. 160; Supplemental Order) directing Defendants to supplement their Motion with information concerning the reasonable necessity of obtaining certain deposition transcripts. See generally Supplemental Order. In response, on November 30, 2016, Defendants filed Defendants' Supplement to Motion to Tax Costs (Doc. No. 161; Supplement to the Motion) containing the requested information. See generally Supplement to the Motion.

[2] Giving Brown the benefit of the mailbox rule, the Court finds that the Objections were filed on the date Brown handed the document to the prison authorities for mailing to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

Defendants did not respond to Brown's Objections, and the deadline to do so has now passed. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-MC-8-FTM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

In the Objections, Brown does not contest Judge Barksdale's determination regarding which costs are properly taxed against him pursuant to Federal Rule of Civil Procedure (Rule(s)) 54(d) and 28 U.S.C. § 1920 or the amount of those costs.[3] Instead, he asserts that: (1) the Court should withhold entry of this judgment "until after completion of the pending appellate proceedings[;]" and (2) because of his financial condition, the Court should "eliminate or substantially reduce the amount of costs awarded against him." Objections ¶¶ 5, 9.

I.  **Brown's "Pending" Appellate Proceedings**

Brown filed a notice of appeal (Doc. No. 154) in this action on April 21, 2016. On December 2, 2016, the United States Court of Appeals for the Eleventh Circuit entered an order dismissing Brown's appeal pursuant to Eleventh Circuit Rule 42-2(c) for failure to

---

[3] Brown expressly supports Judge Barksdale's recommendations regarding which costs may properly be assessed against him. See Objections ¶ 1 ("The Report correctly identifies the correct law attributable to the assessment of costs and has properly identified only those costs that are taxable against the Plaintiff.").

2

prosecute, and specifically for his failure to file an appellant's brief within the time fixed by the applicable rules. See Doc. No. 162 (citing 11th Cir. R. 42-2(c)). According to Eleventh Circuit Rule 42-2(e):

> An appeal dismissed pursuant to this rule may be reinstated only upon the timely filing of a motion to set aside the dismissal and remedy the default showing extraordinary circumstances, accompanied by the required brief and appendix. Such a motion showing extraordinary circumstances, accompanied by the required brief and appendix, must be filed within 14 days of the date the clerk enters the order dismissing the appeal. The timely filing of such a motion . . . is the exclusive method of seeking to set aside a dismissal entered pursuant to this rule.

11th Cir. R. 42-2(e) (emphasis added). As such, Brown was required to file a motion to set aside the dismissal – together with his brief – no later than December 16, 2016. Upon review of the appellate court docket, it appears that Brown did not file any such motion within the requisite time frame. Although Brown ultimately did submit a motion to the Eleventh Circuit on January 5, 2017, in accordance with its established procedures, the court returned the motion to Brown without filing it. See Brown v. Riedl, No. 16-11828 (11th Cir. 2017). Thus, the Court concludes that there are no appellate proceedings currently pending with respect to this action.

Despite the absence of any pending appellate proceedings, Brown nevertheless argues that "[i]t would be a waste of judicial labor and effort to impose a judgment of costs before the appellate process is completed." Objections ¶ 5. He further states that "he will file his [appellate] brief shortly and will ask the Eleventh Circuit [] to recall its mandate at that time." Id. ¶ 4. While Brown may believe that his appeal is still pending, having determined that this is not the case, the Court concludes that Brown's request to withhold entry of this judgment pending appeal is due to be denied. Brown's first objection, therefore, is overruled.

3

## II.    Brown's Financial Condition

Brown alternatively contends that the Court should "eliminate or substantially reduce" the award of costs against him due to his "financial condition." Objections ¶ 9. In doing so, he asserts that the Court previously found him to be indigent and allowed him to proceed in forma pauperis, and that as a prison inmate he is not allowed to earn an income. See id. ¶¶ 6-7. Although he provides no further information regarding his finances, Brown offers to "update his financial information" if the Court desires. Id. ¶ 8.

Notably, Defendants filed the Motion on April 5, 2016. See generally Motion at 3. Although Brown had ample opportunity to respond to the Motion and establish his inability to bear a cost judgment, he did not do so. See Report at 2. After Defendants filed their Supplement to the Motion at the Court's direction, Brown had yet another opportunity to respond, and again did not do so. See id. at 1-2. Nevertheless, Judge Barksdale sua sponte considered Brown's financial situation before recommending the taxation of certain costs. See id. at 8. His protestations regarding his inability to pay a cost award, made for the first time only after entry of the Report, are untimely. Indeed, Eleventh Circuit precedent expressly provides the district court with discretion "to decline to consider a party's argument when that argument was not first presented to a magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Knight v. Thompson, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing Williams for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); Lodge v. Kondaur Capital Corp., 750 F.3d 1263,

1274 (11th Cir. 2014) (citing Williams for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's argument that was not first presented to a magistrate judge"). As such, the Court declines to consider Brown's belated argument regarding his financial condition.

Moreover, even if the Court were to consider this belated objection, Brown has failed to submit the substantial documentation demonstrating a true inability to pay the costs assessed against him as required to warrant a reduction of the amount of costs to be taxed against him. See Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (noting that a court should "require substantial documentation of a true inability to pay" as well as "clear proof of the non-prevailing party's dire financial circumstances" before considering a reduction in costs). The mere fact that the Court found Brown to be indigent and permitted him to proceed in forma pauperis and that his circumstances have not materially changed is not sufficient to establish his dire financial circumstances. See Ang v. Coastal Int'l Sec., 417 Fed. Appx. 836, 839 (11th Cir. 2011) (per curiam) (affirming that a non-prevailing party's in forma pauperis status and affidavit in support thereof does not constitute substantial evidence of an inability to pay); Mathews v. Crosby, 480 F.3d 1265, 1266-67 (11th Cir. 2007) (affirming that a non-prevailing inmate was not entitled to a reduction of costs because of his indigence).

Indeed, a review of the trial docket indicates that Brown successfully garnered enough money to pay the $350.00 fee to file his initial Complaint (Doc. No. 1; Complaint) in this action, and despite later requesting to proceed here in forma pauperis, he is slowly paying down the balance due on his appellate filing fee. The Eleventh Circuit previously affirmed a district court's refusal to reduce a costs award in part because the non-moving

5

party was financially capable of paying the initial filing fee and subsequent appellate fees. See Smith v. Warden, Hardee Corr. Inst., 597 Fed. Appx. 1027, 1032 (11th Cir. 2015). Hence, while it may be difficult for Brown to pay these costs, this fact alone is not enough to merit a reduction under the circumstances.  Brown has failed to establish a true inability to pay a cost award on the existence of dire financial circumstances.  As such, even if the Court were to consider his belated objection, Brown's request to eliminate or reduce the amount of costs awarded against him would be denied.

Upon independent review of the file and for the reasons stated here and in Judge Barksdale's Report, the Court will overrule Brown's Objections and accept and adopt the recommendation as to the resolution of the Motion.[4]  In light of the foregoing, it is hereby

**ORDERED**:

1. Plaintiff John Brown's Objection to Report and Recommendation (Doc. No. 165) is **OVERRULED**.

2. The Report and Recommendation (Doc. No. 164) is **ADOPTED** as the opinion of the Court to the extent set forth in this Order.

3. Defendants' Motion to Tax Costs (Doc. No. 153) is **GRANTED, in part, and DENIED, in part,** as follows:

    a. Defendants' Motion is **GRANTED** to the extent that the Court will direct the Clerk to enter judgment in favor of Defendants Archie Clemons, Christopher Hancock, Officer Hartley, Ellen Link, and Bryan Riedl and against Plaintiff John Brown for taxable costs in the amount of $2,139.25.

---

[4] In doing so, the Court observes that the Magistrate Judge determined that certain costs were not taxable pursuant to 28 U.S.C. § 1920. See Report at 5-6. Defendants did not object to this determination. As such, the Court will not tax those costs, but declines on this record to adopt the portion of the Report determining that such costs are not taxable as a matter of law.

6

    b.  Otherwise, Defendants' Motion is **DENIED**.

  4.  The Clerk of Court is directed to enter judgment in favor of Defendants Archie Clemons, Christopher Hancock, Officer Hartley, Ellen Link, and Bryan Riedl and against Plaintiff John Brown in the amount of $2,139.25.

**DONE AND ORDERED** at Jacksonville, Florida on March 28, 2017.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Pro Se Party
Counsel of Record